Morgan, J.
Thomas Hale seems to have had many transactions with James Hale, resulting in an indebtedness from Thomas to James.
James Hale was the legatee of Peter Hale, to whom Thomas Hale owed a sum exceeding $90,000, exclusive of interest.
Thomas Hale died. His succession is represented by his widow, the plaintiff, as widow in community, executrix of his will, and tutrix to their minor childreu.
On the sixteenth of December, 1867, plaintiff presented a petition to the Judge of the Second District Court of New Orleans, in which she alleged that the debt due to James Hale, as the legatee of Peter Hale, amounted to $125,000; that the debt was secured by mortgage on certain property belonging to her deceased husband which had, a short time before, been appraised at $36,000; that James Hale also had a claim against her deceased husband for $25,000, the price of a house in Matamoros, sold by him to her husband. She represented that James Hale had offered to aecept in payment of both these claims, amounting together to $150,000, the property mortgaged to secure the amount due to Peter Hale. She averred that this settlement would be greatly to the interest of the succession which she represented, and she prayed that a family meeting, composed of the friends of the minors, might be convened for the purpose of giving their assent thereto. The family meeting was held and they approved of the proposed arrangement. Their proceedings were, homologated, and in accordance with their recommendation the property mortgaged was, by public act, passed on the twenty-first of December, 1867, transferred to James Hale, who gave a full and entire discharge of the amount therein expressed. Thus with property estimated at $36,000, the succession was relieved of an indebtedness exceeding $150,000.
On the twenty-fifth of May, 1861, Thbmas Hale, by public act, acknowledged himself indebted unto James Hale in the sum of $60,000, for which he furnished his three promissory notes for $20,000 each, payable in one, two and three years after date. To secure their payment he mortgaged certain valuable property in this city.
*350 On the twenty-first of December, 1867, the plaintiff, acting in her capacity as widow in community, testamentary executrix, and tutrix to her minor children, and the defendant, appeared before a notary public, and there she acknowledged that there remained due to the defendant, on account of the indebtedness above described, $24,309 70 in gold, and the defendant, declaring that he was desirous of facilitating the plaintiff and the heirs of her late husband in the liquidation of the above mentioned debt, agreed to postpone the payment of the same so as to make the sum due payable in two installments, one of $12,154 86 payable in four years, and the other for a like sum payable in five years from the twenty-eighth November, 1867, the indebtedness to bear interest at the rate of eight per cent, per annum, payment of the interest for the first two years being postponed until the twenty-eighth November, 1869.
It will be observed that the two notarial acts between the parties were drawn up by the same notary and signed on the same day; that on that day the widow in community and the succession of Thomas Hale were indebted unto the defendant in a sum exceeding $175,000, and that the whole of it was reduced to $50,000, the payment of $26,000 being postponed for four years.
The evidence in the record satisfies us that these settlements were the result of long negotiations between the parties, in which the plaintiff was represented by able and conscientious counsel; that the two acts must be considered as parts of a whole, and that they were intended to be a lull and final settlement of all their business relations. That the settlement was in the aggregate largely beneficial to the plaintiff and to the interests which, as executrix and tutrix she represented, does not, we think, admit of a doubt.
Two years after these transactions took place the plaintiff instituted this suit. She seeks to reform the last settlement, in which she acknowledges an indebtedness of $24,309 71, alleging that the amount due, at the time the settlement was made, was only $8603 65. The excess over this sum being composed of a debt of $8118 26, which, she avers, was prescribed, and the balance being composed of compound interest. She avers that she was misled into including the above sums in her settlement through error of law and fact, and by the frauds and deceit of the defendant.
We are satisfied, from an attentive examination of the record, that the settlement which is now attacked was part of the general settlement which both plaintiff and defendant intended should be had of all matters connected with the indebtedness of the succession of Thomas Hale to the defendant, and that the two acts relating thereto, passed on the same day, are, indeed, but one act. We are also satisfied that *351 the plaintiff knew exactly what she was doing when she signed the same; that the charges of fraud and deceit which she makes against the defendant are without any foundation to rest upon, and that the transaction, by which the succession was released from a verj' large debt, was altogether in the interest of herself and her minor children.
We do not think that she can separate the different portions of this transaction, adhering to those parts which are favorable to her and repudiating those portions which she considers as unfavorable. She must, we think, take all or leave all.
Judgment affirmed.